### 23963. GIFFORD v. JACKSON et al.

MOBLEY, Justice. The appeal is from a judgment overruling a general demurrer to the petition brought by plaintiffs against defendants praying for process, discovery by issue of rule nisi requiring defendant to show cause why he should not answer interrogatories, temporary injunction to restrain defendant from disposing of machinery until further order of the court, or until an accounting be made by defendant, for an accounting between defendant, his assignees and affiliate companies in which defendant has an interest and a judgment for such amounts as may be found due plaintiffs, and that he be required to produce records, books, etc., as

would show number, kind and net selling price of textile machines manufactured and sold by him, his assignees, affiliates and all companies in which he has an interest. The basis for the action is an alleged contract entered into between plaintiffs, as sellers, and defendant, Theron F. Gifford, on behalf of a corporation to be formed, as buyer. Gifford signed the contract in his individual capacity. The issue is whether he is bound individually, and if so how much is due under the terms of the contract. The terms of the contract are specific as to amounts to be paid plaintiffs and as to percentages of sales of described machinery to be paid. *Held:* "Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed. *Mulherin v. Neely,* 165 Ga. 113, 114 (139 SE 820)." *Columbus Plumbing &c. Co. v. Home Fed. Savings &c. Assn.,* 216 Ga. 706 (119 SE2d 118). The allegations in this case are similar and the prayers are practically identical to those in *Burress v. Montgomery,* 148 Ga. 548 (97 SE 538), where this court held that the Court of Appeals and not this court has jurisdiction. The rulings there made are applicable here. "1. Discovery may be had from the opposite party in any case, legal or equitable, pending in any court. 2. Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law. 3. An accounting may be had at law (*Code* § 10-102). The mere necessity of an accounting to ascertain the amount due on a contract is wholly insufficient to give equity jurisdiction to order an accounting. 4. The accounting is neither mutual nor complicated and no fiduciary relationship between the parties is alleged. 5. Notwithstanding the prayer for 'discovery,' 'accounting' and relief in equity, the petition alleges no cause showing inadequacy at law."

If upon the trial of the case, it is determined that the contract sued on is valid and binding upon the defendant, the remedy at law to determine what amount if any is due is adequate. Properly construed, the case is an action at law, and not a suit in equity. *Goodwyn v. Roop,* 181 Ga. 327 (182 SE 4); *Broyles v. Johnson,* 217 Ga. 823 (125 SE2d 485); *Insurance Center, Inc. v. Hamilton,* 218 Ga. 597 (1b) (129 SE2d 801). *Transferred to the Court of Appeals. All the Justices concur.*

ARGUED FEBRUARY 14, 1967—DECIDED FEBRUARY 23, 1967.

*Walter H. Bolling,* for appellant.
*Pittman & Kinney, H. E. Kinney,* for appellees.