**GENTLE WINDS MANAGEMENT CORPORATION, Plaintiff**

v.

**DAVID SHORT and DANIELLE SHORT, Defendants**

Civil No. 224/1983

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 29, 1983

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

41

DAVID SHORT AND DANIELLE SHORT, Kingshill, St. Croix, V.I., *defendants—pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This is a lien foreclosure suit in which plaintiff has filed a Motion for Summary Judgment.

Plaintiff is a Virgin Islands Corporation which manages the Gentle Winds Condominiums located on St. Croix. Defendant, David Short,[1] is a member of the Army National Guard and was placed on Active Duty in the Virgin Islands, on July 17, 1981. In March 1982, defendants Short purchased Condominium Unit D-5 of Gentle Winds II Condominium, including an interest in the common areas and facilities therein.

In June 1982, in accordance with a corporate resolution adopted by its Board of Directors pursuant to 28 V.I.C. § 909, 28 V.I.C. § 917 and 28 V.I.C. § 918, plaintiff corporation levied a special assessment against all condominium owners for the purpose of funding the purchase of certain facilities which are located within and around the Gentle Winds Condominiums premises but which were owned by a successor in title of the original developer.

Defendants allowed their monthly maintenance/special assessment account to fall in arrears, as a result of which plaintiff filed a lien against defendants' property on December 29, 1982. This suit was commenced to foreclose that lien and for attorneys' fees. Defendants responded to service of the Complaint upon them by sending a letter to the Court, dated April 5, 1983, generally denying liability. The Court elected to treat this letter as an answer. Upon the filing of the pending motion for summary judgment, defendants, acting pro se, filed a letter memorandum and orally argued their opposition, asserting the Soldiers' and Sailors' Civil Relief Act of 1940 as a bar and further asserting that there was a difference between monthly maintenance charges and special assessments for the purpose of establishing a lien.

## SUMMARY JUDGMENT

Summary Judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] Defendant Danielle Short, through the appearance of defendant David Short, adopts all of the defenses urged by him asserting that they inure to her benefit by reason of her marital status.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.C.P. Rule 56(c). Defendants were admonished by the Court on several occasions to secure the services of a lawyer to represent their interests, yet they insisted upon pursuing the matter pro se. They are now bound by the consequences of that decision.

 Construing the letter first filed herein by defendants as an answer, and viewing same, together with the oral argument of defendants and their letter memorandum filed in opposition to the motion, in a light most favorable to them, I must conclude that the same are an admission of the allegations of plaintiff's Complaint. Defendants assert that they were never in arrears for monthly maintenance charges but concede that they have only partially paid the special assessment. They therefore urge that the lien which is here sought to be foreclosed was erroneously imposed because the maintenance charge and special assessment charge are different and distinct. Whether this is the fact is of no consequence since defendants admit making partial payment of the special assessment and therefore have ratified the same. The entire argument, however, is without merit because the alleged dissimilarity between the two charges sought to be established is a difference without distinction. 28 V.I.C. § 901(g)(1) and (2) define both charges as common expenses which are properly charged against condominium owners in proportion to their interest, pursuant to 28 V.I.C. § 909. Defendants have offered no evidence to indicate that the conduct of the corporation in purchasing the common area facilities was in any way ultra vires. Defendants have merely failed to contribute their proportionate share of the purchase price of these facilities because in their words they believe the properties are "for all practical purposes, useless." However, no apartment owner may exempt himself from liability for his contribution towards the common expenses by waiver of the use or enjoyment of any of the common areas and facilities. 28 V.I.C. § 920.

Defendants have requested relief under the Soldiers' and Sailors' Civil Relief Act of 1940. 50 U.S.C. App. § 501 et seq. Section 532, applicable to real estate liens, reads as follows:

(1) The provisions of this section shall apply only to obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by *him which obligations*

*originated prior to such person's period of military service.* (Emphasis added.)

■ As noted above, defendant, David Short, was placed on active duty in the Army National Guard on July 27, 1981. The Condominium Unit which underlies this suit was purchased on March 1, 1982, some seven months after Short's active military service had commenced. The act, therefore, has no application to him and no relief can be granted as a result of its provisions.

There being no issue of disputed fact and plaintiff being entitled to judgment as a matter of law, Summary Judgment will be granted.