519 So.2d 243 (1988)
George E. WESTERN
v.
CHARDONNAY VILLAGE CONDOMINIUM ASSOCIATION, INC.
No. 87-CA-420.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
*244 Judy Cannella Schott, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for defendant/appellant, Chardonnay Village Condominium Ass'n, Inc.
George Scariano, Metairie, for plaintiff/appellee, George E. Western.
Before BOWES, GAUDIN and WICKER, JJ.
BOWES, Judge.
Defendant-appellant, Chardonnay Village Condominium Association, Inc., appeals a judgment of the First Parish Court for the Parish of Jefferson granting a preliminary injunction in favor of plaintiff, George Western (Western).
Chardonnay Village is a condominium project developed in 1981. The defendant herein is the association of condominium unit owners which governs and manages the condominium project, which itself is governed by a Board of Directors, all pursuant to Louisiana Revised Statutes 9:1121.101 et seq. (the Louisiana Condominium Act).
Plaintiff is the owner of a condominium unit, and, as such, is a member of the unit owners association, hereinafter referred to as the Association. Under the Condominium Act, the unit owners may (among other things) make and collect assessments for common expenses from the unit owners. R.S. 9:1123.102(2).
Under R.S. 1121.103(9) common expenses are defined as:
(a) Expenses of administration, maintenance, repair, and replacement of the common elements.
(b) Expenses declared to be common expenses by provisions of this Part or by the condominium declaration or bylaws.
(c) Expenses agreed upon as common expenses by the unit owners.
The condominium declaration of Chardonnay Village lists the costs of providing utilities to the units, as well as for the common elements (facilities), as a common expense (unless the utilities to each unit are separately metered or billed).
Plaintiff Western failed to pay the assessments for common expenses for approximately three years, and, at the time of trial, was in arrears in the amount of $4,962.08, which amount included late fees of $25.00 per month.
On October 1, 1986, the Association caused the water supply to plaintiff's unit to be turned off for failure to pay the past due assessment. Plaintiff filed for and obtained a temporary restraining order enjoining the Association from this action, and a trial on the preliminary injunction was held in January, 1987. Following trial, the court granted plaintiff's preliminary injunction restraining the defendant Association from discontinuing water service to the plaintiff's unit. It is from this judgment that plaintiff has appealed, generally urging that the Louisiana Condominium Act grants broad powers to the Association, and that nothing in the law prohibits the discontinuance of water service to non-paying owners.
The issue presented here appears to be res nova in Louisiana and is apparently conceded to be so by appellant as it cites no Louisiana jurisprudence in it's brief (and we have not been favored with a brief from the appellee). Instead, appellant cites to us one case from the state of Florida and *245 urges us to adopt its rule to the effect that the only limitation on the establishment of condominium policies is that the policies be reasonable. For the reasons stated below, and because, as the astute trial judge pointed out, there were and are other means available to appellant, we decline to do so in the present case.
However, we find that R.S. 1123.115 grants the Association a privilege on the condominium unit for all unpaid assessments.
Additionally, R.S. 1123.102(11), (14), (15), and (16) state, respectively, that the Association may:
(11) Impose charges for later payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws, and rules and regulations of the association.
. . . . .
(14) Exercise any other powers conferred by the declaration or bylaws.
(15) Exercise all other powers that may be exercised in this state by legal entities of the same type as the association, and
(16) Exercise any other powers necessary and proper for the governance and operation of the association.
The Condominium Declaration of Chardonnay also provides for filing a lien for unpaid common expense assessments, as well as for penalties for delinquent assessments; or at its option, the Association may file a suit at law or "other competent proceeding." Further, the Declaration states that failure to comply with any of its terms shall subject the defaulting owner to a legal proceeding for relief, including but not limited to an action for damages, injunctive relief, or foreclosure of a lien.
The Articles of Incorporation of the Association states that the Association shall have the power "to enforce, by legal means, the provisions of the Condominium Act, the Condominium Declaration, these Articles, the Bylaws of the Association, and regulations for the use of the Condominium Property." The Bylaws have a similar provision granting the Board of Directors power to:
... Enforce by legal means the provisions of the Declaration, these Bylaws and the Rules and Regulations and act on behalf of the Unit Owners with respect to all matters arising out of any eminent domain proceeding.
We interpret the phrase "by legal means" to mean, in the present case, "legal proceedings," not "legal means" as opposed to "illegal means," as appellant urges. We find nothing in the Revised Statutes, Condominium Declaration, Bylaws, Regulations, or Articles of Incorporation which, on its face, authorizes the Association to take extra-legal means or action on its own volition without any authority or legal proceeding authorizing same to obtain delinquent assessments such as was done in the present case. This is not to say that the Association may not or could not take the step which it did under the proper circumstances or with the proper authorization. However, we do not reach that issue here.
We find that if the Association was to take some action beyond the scope of those specifically authorized, it was obliged to do so by proper proceedings. It could do so, apparently, by amending the Declaration or Bylaws. However, to amend the Declaration requires an agreement or a vote of at least 67% of the unit owners. R.S. 1122.119. Amendment of the Bylaws requires a majority vote of the directors or voting members present or represented at any regular or special meeting. La.R.S. 12:223.
It is clear from the record that no such amendment was made. Mr. Keith Fox, a unit owner and member of the Board of Directors, testified that the Bylaws were not amended nor was a formal resolution, adopting the policy of disconnecting water to the individual units, passed. The Board simply made the decision or "adopted the policy" that if no response was had to the filing of a lien, water would be cut off.
Once plaintiff proved that defendant was without prima facie authority to take the *246 action which it pursued, it was the Association's burden to show that it properly adopted the additional means of enforcing its assessments.
We find the testimony of Mr. Fox insufficient to do so in the present case. The Bylaws require minutes of all meetings of the Board to be kept, as a record of all transactions and proceedings occurring at such meetings, and all resolutions adopted by the Board must be recorded there also. In our opinion, the "policy" adopted by the Board in this case required an amendment to the Declaration or the Bylaws to specifically permit the use of an extra-legal method of enforcement, evidence of which is absent in the record. Whereas, we certainly do not condone the plaintiff's disregard for the condominium rules and sympathize with the plight of the board, we cannot sanction their action in discontinuing plaintiff's water supply under the circumstances of this case.
Therefore, we conclude that the trial court correctly granted the injunction against defendant in this matter. The judgment of the Parish Court is affirmed, and all costs are taxed to appellant.
AFFIRMED.