A92A1130. FOREST VILLAS CONDOMINIUM ASSOCIATION, INC. v. CAMERIO et al.
(422 SE2d 884)

BEASLEY, Judge.

The central issue is the construction of OCGA § 44-3-80 (d), part of the Georgia Condominium Act.

Forest Villas Condominium Association, Inc., sued Camerio and Elliot, owners of 23 out of the 94 units in the Association, to recover

an arrearage of condominium fees. In addition to the accrued $28,060, the Association sought interest on the arrearage and the remaining assessments for the year.

Defendants denied the allegations of the complaint, alleged a number of affirmative defenses, and filed a counterclaim which asserted that the Association failed to honor its obligations to perform maintenance and make repairs on the units owned by defendants; the Association had discriminated against defendants and their units because they were rental units as opposed to owner-occupied; and the Association had mismanaged the funds paid to it by defendants. Defendants also alleged that due to the Association's failure to make certain repairs they had been forced to pay for those repairs themselves. They sought an accounting of the monies handled by the Association; a reimbursement by the Association for all expenses they incurred due to the Association's breach of duty; a declaration that certain unspecified actions of the Association in contravention of Georgia law and the condominium declaration, bylaws, and rules be declared null and void; attorney fees; and the enjoining of the Association from expending its funds to install certain water meters.

The Association moved for summary judgment, contending that it was entitled to recover the fees because OCGA § 44-3-80 (d) did not permit a unit owner any exemption from liability for assessments. It also urged that defendants' counterclaim sounded in equity and thus was beyond the authority of the state court. The Association also filed a motion in limine to preclude defendants from introducing any evidence relating to their counterclaim for the same reason.

The trial court denied the Association's motion for summary judgment altogether, concluding that there were genuine issues of material fact and that "the word 'exempt' found in O.C.G.A. § 44-3-80 (d) does not mean that the Defendants in this case could never have any justification for withholding the assessments charged to them." The court denied the motion in limine, holding that the counterclaim defenses could be presented before it.

1. The first question is whether the court correctly construed OCGA § 44-3-80 (d), contrary to the Association's contention that it misinterpreted plain and unambiguous language.

The statutory subsection provides: "No unit owner other than the association shall be exempted from any liability for any assessment under this Code section or under any condominium instrument for any reason whatsoever, including, without limitation, abandonment, nonuse, or waiver of the use or enjoyment of his unit or any part of the common elements."

The language is plain and susceptible of only one interpretation insofar as it relates to the defenses. See *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106, 107 (410 SE2d 446) (1991). There is no

legal justification for a condominium owner to fail to pay valid condominium assessments. This reflects a clear choice by the legislature that the owner's obligation to pay assessments be absolute and a condominium unit owner involved in a dispute with the condominium Association about its services and operations may not exert leverage in that controversy by withholding payment but must seek other remedy. The obligation to pay the assessment is independent of the Association's obligations to provide services. This is necessary because the communal business of the condominium Association for the benefit in common of all condominium owners continues unabated during the pendency of any such individual dispute. The public policy expressed in the statute assures that fulfillment of obligations and the functioning of a condominium association as a whole not be jeopardized or compromised by individual disputes, which may or may not be meritorious. See *Rivers Edge Condo. Assn. v. Rere*, 568 A2d 261 (Pa. Super. 1990). See also *Newport West Condo. Assn. v. Veniar*, 350 NW2d 818 (Mich. App. 1984).

The state court misinterpreted OCGA § 44-3-80 (d) insofar as the defenses or "exemptions" urged by defendants are concerned. They do not assert, nor is there any evidence, that the condominium instruments were anything other than lawful, see OCGA § 44-3-76, or that the subject assessments were made other than in compliance with the condominium instruments and law. See OCGA §§ 44-3-71 (5) and 44-3-76. Whether such would be a defense permitted under OCGA § 44-3-80 (d) in a suit for unpaid fees is not before us. Cf. *San Antonio &c. Homeowners Assn. v. Miller*, 761 SW2d 460 (Tex. App. 1988). Plaintiff Association was entitled to summary judgment on defendants' liability for unpaid assessments.

2. As to the counterclaim, we meet the contention that denial of the motion in limine was error because state courts have no jurisdiction in matters that are equitable in nature and defendants' counterclaim sounded in equity. The lack of equity jurisdiction was also the basis for urging summary judgment on the counterclaim.

Equitable remedies are beyond the jurisdiction of the state court, OCGA § 15-7-4; *Moody v. Mendenhall*, 238 Ga. 689, 691 (2) (234 SE2d 905) (1977). The counterclaim states a cause for breach of contract in that the Association allegedly failed to perform certain maintenance and repairs on the defendants' units, provided disparately less services to defendants' rental units, and caused defendants to expend sums for repair and maintenance which was the obligation of the Association. Damages, attorney fees, and a ruling that certain past actions of the Association are null and void were sought. Defendants also seek an accounting in order to determine the amount of the Association's obligations under the breach of contract claim, but this does not convert such claim into an action for an equitable accounting.

*Gifford v. Jackson*, 223 Ga. 155 (154 SE2d 224) (1967). A legal accounting may be an appropriate step in determining the amount of damages in a breach of contract action in a court of law. Id.

One portion of the counterclaim alleges that as an alternative to reimbursement to defendants for water meters, the Association "should be enjoined from spending its funds for the sole benefit of owners of units other than [defendants]." The counterclaim does not expressly pray for such. The state court had jurisdiction to grant total relief of a legal nature.

It correctly refused to grant the Association's motion in limine or motion for summary judgment (or more properly, motion to dismiss) on the counterclaim on the basis of lack of jurisdiction of it. Having ruled that the state court has jurisdiction of the legal claims, we look to the record and find no evidence which pierces the allegations of the counterclaim, thus leaving genuine issues of material fact for resolution by the factfinder.

3. The denial of summary judgment as to the main claim is reversed to the extent plaintiff is entitled to partial summary judgment as to liability. OCGA § 9-11-56. The pendency of genuine issues of material fact in regard to defendants' counterclaim precluded the requested grant of summary judgment on it.

*Judgments affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992.

*Julian A. Mack*, for appellant.

*Andersen, Davidson & Tate, Gerald Davidson, Jr., Larry C. Oldham*, for appellees.