**TOWERS CONDOMINIUM ASSOCIATION, Plaintiff**
**v.**
**CAROL LAWRENCE, Defendant**

Civil No. 45/1994

**TOWERS CONDOMINIUM ASSOCIATION, Plaintiff**
**v.**
**RUDOLPH FOY, Defendant**

Civil No. 46/1994

**TOWERS CONDOMINIUM ASSOCIATION, Plaintiff**
**v.**
**DOCIA WATERS, Defendant**

Civil No. 47/1994

**TOWERS CONDOMINIUM ASSOCIATION, Plaintiff**
**v.**
**LYDIA PICKERING, Defendant**

Civil No. 48/1994

**YVONNE D. PETERSEN, Plaintiff**
**v.**
**TOWERS CONDOMINIUM ASSOCIATION, Defendant**

Civil No. 465/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 28,1995

PEDRO WILLIAMS, ESQ., (LAW OFFICES OF FRAZER & WILLIAMS), St. Thomas, V.I., *for Towers Condominium Association*

JACQUELINE A. DREW, ESQ., St. Thomas, V.I., *for defendants and plaintiff Petersen*

MEYERS, *Judge*

### MEMORANDUM OPINION

THESE MATTERS came before the undersigned on September 9th and 20th, for a hearing on the preliminary and permanent injunction. The unit owners have requested that these matters be consolidated. In addition to granting the motion to consolidate, the court focused on the following three issues:

(1) whether the payment of the common assessments is independent of the Association's duties to repair and maintain the units or common areas;

(2) whether the cost of water is a common expense; and

(3) whether the Association has the authority to cut off water for non-payment of the common assessments.

Based on the following discussion, Defendants Lawrence, Foy, Waters, Pickering and Plaintiff Petersen's motion for a preliminary and permanent injunction will be denied.

## FACTS

The individual Defendants and Plaintiff Yvonne Petersen are unit owners (collectively referred to as "Unit Owners") at the Towers Condominium Association ("the Condominium Association"). The Condominium Association's Declaration and the By-Laws require unit owners to pay all common charges assessed by the Board of Directors.

In 1993, the Unit Owners began withholding their assessment payments because they claim that the Condominium Association has breached its covenant to maintain the buildings, facilities and common areas of Towers Condominium. Several demands were made upon the unit owners to pay the common assessments, and, to date, they have refused to pay them. Pursuant to the authority granted by the Declaration and By-Laws, the Association filed a lien on each of the units for the indebtedness. The Association also filed actions for debt against each of the unit owners, except Yvonne Petersen. Subsequent to the filing of the action for debt against the unit owners, the Condominium Association cut off the water supply to Petersen and Waters' units, and sent notices of intent to do likewise to Lawrence, Pickering and Foy. The unit owners immediately filed a motion for a temporary restraining order to prohibit the Condominium Association from disconnecting the water supply. The court granted the restraining order on September 2, 1994, and a hearing was held on September 9, and September 20, 1994.

## DISCUSSION
### I.

■ The obligation to pay condominium assessments is absolute to every unit owner, and there is no authority to withhold the

payment of such assessments.[1] The absolute obligation to pay common assessments is clearly stated in the Condominium Declaration, the By-laws and the Virgin Islands Condominium Act. (28 V.I.C. 901 et seq.) Section 6. A of the Declaration provides that:

> Each owner, by acceptance of a deed to a unit or other conveyance therefor, whether or not it shall be so expressed in each deed or conveyance is deemed to covenant and agree to pay to the Association (1) annual common assessments for common expenses....

Similarly, Article V, Section 4 of the By-laws states:

> All unit owners shall be obligated to pay the Common Assessments assessed by the Board of Directors pursuant to the provisions of Section 1 of this Article V at such time or times as the Board of Directors shall determine.

In addition, the Condominium Act of the Virgin Islands also obligates the unit owners to pay common assessments. Title 28 V.I.C. Section 920 provides that:

> No apartment owner may exempt himself from liability for his contribution towards the common expenses by waiver of the use or enjoyment of any of the common areas and facilities or by abandonment of his apartment.

Nowhere in the Declaration, the By-Laws or the Condominium Act is a unit owner authorized or permitted to withhold the payment of common assessments for any reason. This payment is mandatory without any exceptions. Furthermore, each of the documents specifically prohibits the exemption or waiver from payment of the assessments for non-use or abandonment. *Gentle Winds Management Corp. v. Short*, 20 V.I. 41, 43 (Terr. Ct., 1983).

In *Forest Villas Condominium Association, Inc. v. Caneiro, et al.*, 422 S.E.2d 884 (Ga. App. 1992), the Court held that no legal justification existed for condominium owners who fail to pay valid assessments. In that case, the condominium association sued several condominium owners to recover arrearages of condominium fees.

---

[1] The unit owners have not disputed the validity or the amount of the common assessments.

The owners counterclaimed for breach of contract by failing to perform maintenance and make repairs. In interpreting the language of the statute, the Georgia court stated:

> The language is plain and susceptible to only one interpretation as it relates to defenses. There is no legal justification for a condominium owner to fail to pay valid condominium assessments. This reflects a clear choice by the legislature that the owner's obligation to pay assessments be absolute and *a condominium unit owner involving a dispute with the condominium association about its services and operations may not exert leverage in that controversy by withholding payment but must seek other remedy.* (Emphasis Added).

*Id.* at 886. The language of the Georgia statute is almost identical to the Virgin Islands Condominium Act.

Similarly, a Florida court held that a unit owner's duty to pay assessments fees was conditioned solely on her acquisition of title as stated in the declaration. *Abby Park Homeowners Association v. Bowen,* 508 So.2d 554 (Fla. 4th DCA 1987). That court further concluded that "the affirmative defense of failure to maintain the common elements is inadequate as a matter of law." Id. at 555.

■ In the case *sub judice,* all the unit owners have signed the deeds which incorporate the Declaration and By-laws of the Condominium Association. The language in the Declaration and By-laws is not ambiguous. The owners must pay the assessments. Local law governing condominiums does not allow any exemptions from or waiver of this payment.

■ Indeed, courts which have addressed this issue have consistently held that a condominium owner is obligated to pay the common assessments, and that the obligation to pay is independent of the association's obligation to make the repairs. Since the Towers' Declaration, its By-laws, and local law do not provide for any defense for non-payment, the court concludes that such payment is independent of any and all of the Condominium Association's duties and, therefore, must be paid.

189

## II.

■ The unit owners argue that since they receive a separate bill for water, it should not be considered a common charge. Consequently, their failure to pay the common charges should not result in their water supply being cut off.

The Condominium Association is obligated to provide water to the unit owners. Water, unlike the other common expenses, is billed separately, because it can be metered to correctly reflect the monthly usage of each unit. Since the Condominium Association bills each unit owner individually, it can ascertain who fails to pay the common assessments, which includes water. The Association, therefore, can mitigate its damages by cutting off the water supply of the non-compliant owners. This prevents disconnecting the water supply of the entire condominium complex because of a few unit owners refuse to pay their assessments.

The water is supplied by the Virgin Islands Water and Power Authority (WAPA), and must be paid by the Condominium Association from its common expense budget. If the Condominium Association fails to pay WAPA for its monthly bill, WAPA will disconnect its water supply, as it normally does to its delinquent customers.

Common expenses are defined in the Condominium Act, the Declaration, and the By-laws.

Title 28 V. I. C. Section 901 states:

> (f) Common areas and facilities unless otherwise provided in the Declaration or lawful amendments thereto, means and includes:
>> (5) installation of central services, such as power, light, gas, water collection, storage and distribution system, *hot and cold water,* ... (Emphasis Added).

> (g) Common expenses means and includes in pertinent part
>> (1) all sums lawfully assessed against the apartment owners by the Association of Apartment Owners;

Section 2. C of the Declaration states:

> Common expenses means and includes all sums which are or may be lawfully assessed against the unit owners by the

Association for the actual and estimated expenses of (i) operating, maintaining and restoring the Condominium Property, making repairs and replacements to the Condominium Property, ... (iii) *any other expenses agreed upon as common expenses by the Association or by the Board of Directors of the Association* and incurred by the Association; (iv) all expenses declared to be common expenses pursuant to the provisions of the Condominium Act of the Virgin Islands, the Declaration or the By-laws, ... (Emphasis added).

In light of the foregoing, this court finds that the Board of Directors has the power to determine what charges constitute common expenses and to assess such expenses against the unit owners. Accordingly, the court concludes that although separately assessed, water still falls within the definition of a common expense.

## III.

As previously mentioned, the unit owners were successful in obtaining a temporary restraining order from the court on September 2, 1994. They claimed that their water supply was being cut off even though they had paid their water bills in full.

The unit owners were given notice of intent to disconnect the water supply for failure to pay the common charges. These notices were ignored. The unit owners rely on *Western v. Chardonnay Village Condo Association*, 519 So. 2d 243 (La. App. 5 Cir. 1988) for the proposition that the Association is without authority to disconnect the utilities. In Chardonnay, the unit owner did not pay common charges for three (3) years. The Association disconnected his water supply. The court held that the Board of Directors had the authority to enforce its Declaration and By-laws by any legal mean. Nevertheless, it found that disconnecting the water supply was an illegal mean. The court added, however, that the Board can formally enact such a procedure merely by amending its By-laws.

In the instant case, the Board of Directors met on September 7, 1993, and unanimously adopted a policy to disconnect the water supply of delinquent unit owners in an effort to force them to pay their past due common charges. According to the testimony of a

191

board member, this action was successful in bringing many accounts current.

This action was also similar to that of the condominium Association in *San Antonio Villa Del Sol Homeowners Association v. Miller*, 761 S.W. 2d 460 (Tex. 4th DCA 1988). In that case, the court stated that the Association acted within the scope of its authority when it disconnected the water and gas of a unit owner for failure to pay his assessments. The court held that:

> By failing to pay his monthly maintenance fees, Miller was in violation of 21.1.1 of the Declaration. Section 6.1.1 of the By-laws permits the Association to take action that will abate a condition that is clearly contrary to the intent and meaning By-laws...The Association took appropriate action to abate this condition. Its actions were neither arbitrary nor capricious and fit squarely within the reasonableness standard set out in *Posser* and *Raymond*.[2]

*Miller* at 464.

> Section 2.C of the Declaration gives the Board the authority to determine what constitutes a common expense, and Section 9 of the By-laws gives the Board the authority to abate and enjoin any violations of these Declaration and Bylaws by unit owners. The adoption of the policy to cut off the water supply was an attempt by the Board to enforce the Declaration and the By-laws. Accordingly, the court concludes that the Condominium Association, acting through its Board of Directors, had the authority to disconnect the water supply for non-payment of the common charges.

---

[2] In *Posser v. Lovett Square Townhomes Owners' Association* (702 S.W. 2d 226 (Tex. App. —Houston, 1985)), the court, in citing *Raymond v. Aquarius Condominium Association, Inc.* (662 S.W.2d 82 (Tex. App. —Corpus Christi 1983, no writ)), stated that:
Condominium unit owners constitute a democratic subsociety, of necessity more restrictive of the use of the condominium property that might be acceptable given traditional forms of property ownership. Therefore, each constituent must relinquish some degree of freedom of choice and agree to subordinate some of his traditional ownership rights when he elects this type of ownership experience.

## CONCLUSION

■ ■ The unit owners' decision to withhold the payment of common charges in an attempt to force the Condominium Association to perform its duties violates the Declaration, the By-Laws and the Virgin Islands Condominium Act. The Board of Directors is empowered to enact procedures to prevent violation of said laws. The court concludes that the Association, through the Board of Directors, acted within its scope of authority when it enacted the policy of disconnecting the water supply for failure to pay common expenses. An appropriate order will be entered.

## ORDER

In accordance with the Memorandum Opinion of even date, it is ORDERED that the Motion for Preliminary and Permanent Injunction be and the same is DENIED; and it is further

ORDERED that Defendants Carol Lawrence, Rudolph Foy, Docia Waters, Lydia Pickering and Plaintiff Yvonne Petersen shall pay *forthwith* to the Towers Association, all outstanding common charges; and it is further

ORDERED that copies of this Order shall be directed to Pedro Williams, Esq., and Jacqueline Drew, Esq.