A96A2325. SPRATT v. HENDERSON MILL CONDOMINIUM ASSOCIATION, INC.
(481 SE2d 879)

RUFFIN, Judge.

Henderson Mill Condominium Association, Inc. ("the Association") sued Evelyn Spain, formerly known as Evelyn Spratt, for monetary and equitable relief arising from Spain's alleged violation of the Amended and Restated Declaration of Condominium for Henderson Mill Condominium, Inc. and the Association's by-laws. The trial court granted summary judgment to the Association, and Spain appeals.

For reasons which follow, we affirm.

The record reveals the following. The Henderson Mill Condominiums ("Henderson Mill") are governed by an Amended and Restated Declaration of Condominium ("the Declaration"), which was adopted by owners in 1986 and filed in the DeKalb County land records. Paragraph 13 of the Declaration places restrictions on leasing units. Under this paragraph, "leasing of a unit or units shall be prohibited, except in the case of undue hardship. . . ." The Declaration further provides that "[t]he Board [of Directors] shall be empowered to allow reasonable leasing of units upon written application to avoid undue hardship on an owner. By way of illustration and not by limitation, examples of circumstances which would constitute 'undue hardship' are those in which (i) an owner must relocate his or her residence and cannot, within ninety (90) days from the date the unit was placed on the market, sell the unit from a price at or below its current appraised market value; (ii) the owner dies and the unit is being administered by his or her estate; or (iii) the owner takes a leave of absence or temporarily relocates and intends to return to reside in the unit."

Spain purchased a unit at Henderson Mill in 1988. She subsequently married and had a child, but continued to live with her family in the condominium unit. According to Spain, as their child grew and began to walk, she and her husband became concerned about the traffic around the condominium unit and the lack of play areas. For health reasons that threatened to restrict her from walking up and down stairs if she ever became pregnant again, Spain also grew dissatisfied with the location of the unit, which was on an upper level and only accessible by stairs. Consequently, the Spains decided to sell the unit.

Spain initially listed the unit for $85,000, the amount she paid for it in 1988. When it did not sell, Spain lowered the price to $84,000, but still received no purchase offers. Unsuccessful in selling the unit after approximately 15 months, Spain requested permission to lease the unit under the Declaration's "undue hardship" exception. Spain and her husband wrote the Association's Board of Directors, citing as reasons for their request concerns about their child's safety and the traffic around their unit, as well as a desire to have a house with a yard. The letter does not mention Spain's health.

The Board denied the Spains' request for a hardship exception to the lease restriction, finding by a unanimous vote that "under all circumstances known to the Board and with the information provided in your letter, there was no undue hardship as defined by the [condominium] documents." Despite the Board's decision, Spain prepared to lease her unit.

Before Spain executed a lease, the Association wrote her several

letters indicating that if she leased the unit, she would be in violation of the Declaration and subject to a fine of $25 per day for each day the unit was leased. Shortly thereafter, Spain leased her condominium to three individuals. The Association subsequently filed suit against Spain for violating the lease provision. The trial court granted summary judgment to the Association, denied Spain's cross-motion for summary judgment, and awarded the Association $25 per day for 515 days, plus costs and attorney fees.

1. In her first enumeration of error, Spain argues that the trial court should not have granted summary judgment to the Association because questions of fact remain as to whether the Board acted reasonably in denying Spain's hardship application.

The Declaration vests the Board of Directors with the discretion "to allow reasonable leasing of units upon written application to avoid undue hardship on an owner." Exercising that discretion, the Board rejected Spain's hardship request. "Where, as here, the declaration delegates decision-making authority to a group and that group acts, the only judicial issues are whether the exercise of that authority was procedurally fair and reasonable, and whether the substantive decision was made in good faith, and is reasonable and not arbitrary and capricious. [Cits.]" *Saunders v. Thorn Woode Partnership, L.P.*, 265 Ga. 703, 704 (2) (462 SE2d 135) (1995).

In her brief, Spain does not argue that the leasing restriction itself was improper or unenforceable. Instead, she claims that the Board acted unreasonably because her hardship request was "summarily turned down and was not given a fair and equitable review in good faith." Spain, however, has pointed to no evidence that her hardship request was treated any differently than other similar requests.[1] Spain has also cited no evidence that her request was "summarily turned down" without due consideration. On the contrary, the record reveals that the Board deliberated for over an hour before voting unanimously to deny the request.

Furthermore, despite her claims, Spain has pointed to no evidence that the Board failed to "use criteria as outlined in the [Declaration]" to evaluate the hardship request. The record reveals that the Board rejected the request because the reasons enumerated in Spain's hardship letter did not fulfill the requirements of "undue hardship" as set forth in the Declaration. Spain argues that the hardship illustrations in the Declaration are not exclusive and that the Board could have granted her request regardless of whether she fell

---

[1] In her brief, Spain states that one of the Board members has been allowed to lease her unit. As Spain recognizes, however, that Board member owned her unit prior to adoption of the Declaration in 1986, and thus is permitted to lease without showing undue hardship pursuant to a grandfather clause in the Declaration.

directly within one of the illustrations. Even if the Board could have decided to grant the exception, however, Spain has presented no evidence that the Board exercised its discretion unreasonably in denying her request.

"[Spain] suggest[s], in effect, that the [Board's] vote on the issue of [hardship leasing] is of no consequence and that [she is] entitled to de novo resolution of the issue by the judicial system." Id. We disagree. Spain has presented no evidence of unfair or unreasonable treatment by the Board. Accordingly, "[s]ince the [Board], vested with the discretion given it by the declaration, resolved the issue of [undue hardship] against [Spain], there is no factual issue concerning [undue hardship] for resolution by a jury, and the trial court did not err in entering summary judgment in favor of the [Association]." Id. at 704-705.

2. In her second enumeration of error, Spain argues that the trial court erred in assessing her with a $25 per day fine because the fine constitutes an unenforceable penalty. We disagree.

Citing contract cases discussing liquidated damages and unenforceable penalties, Spain argues that the $25 fine has no relation to actual damages and thus is an unenforceable penalty. The assessment, however, is neither a liquidated damages award nor an unenforceable penalty. It is a fine specifically allowed by statute. Pursuant to the Georgia Condominium Act, "[e]very unit owner and all those entitled to occupy a unit shall comply with all lawful provisions of the condominium instruments. . . . *If and to the extent provided in the condominium instruments, the association shall be empowered to impose and assess fines* . . . in order to enforce such compliance[.] . . ." (Emphasis supplied.) OCGA § 44-3-76.

As allowed by OCGA § 44-3-76, the Declaration's leasing provision specifically authorizes the Board "to make and enforce reasonable rules and regulations and to fine, in accordance with the Declaration and By-Laws, in order to enforce the [leasing restrictions]." Spain does not argue that she was unaware of the fine amount before she leased her condominium, and the record reveals that the Association informed her about the amount in a letter sent before the lease was signed. Furthermore, Spain has cited no evidence that the fine was unreasonable or unfairly assessed. To the contrary, the Association did not impose the fine until over two months after Spain entered the lease agreement, and the record shows that the Association charged the same fine to another owner impermissibly renting his unit.

The trial court properly found that the Association is entitled to recover the $25 per day fine from Spain. Accordingly, Spain's second enumeration of error is without merit.

3. In her third and fourth enumerations of error, Spain argues

that the trial court erred in awarding the Association attorney fees. We disagree.

(a) Spain first argues that because genuine issues of material fact precluded summary judgment in favor of the Association, attorney fees should not have been awarded. Since we found in Division 1 that summary judgment was proper in this case, this argument has no merit.

(b) Spain also contends that the trial court erred in awarding attorney fees based upon an untimely affidavit filed by the Association. The record reveals that the Association filed one affidavit supporting the amount of attorney fees on February 2, 1996, the day after the summary judgment hearing, and submitted a second affidavit on April 22, 1996, the day before the trial court issued its summary judgment order.

Generally, affidavits supporting summary judgment should be served with the summary judgment motion. Uniform Superior Court Rule 6.1; *Hershiser v. Yorkshire Condominium Assn.*, 201 Ga. App. 185 (1) (410 SE2d 455) (1991). In this case, however, the record reveals no objection to or motion to strike either affidavit as untimely. "This court has consistently reached a finding of waiver where no objection was made to the late filing of an affidavit — whether the affidavit was in support of, or in opposition to, a motion for summary judgment. [Cits.]" *Suttle v. Northside Realty Assoc.*, 171 Ga. App. 928, 932 (2) (c) (321 SE2d 424) (1984). Accordingly, the trial court did not err in considering the affidavits. Id.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 20, 1997.

*Gershon, Olim, Katz & Loeb, Barry L. Katz*, for appellant.

*Weinstock & Scavo, Michael Weinstock, Richard J. Capriola, Adam M. Gleklen*, for appellee.

