A98A2406. ATLANTA GEORGETOWN CONDOMINIUM ASSOCIATION, INC. v. CHAPLIN.
(509 SE2d 729)

JOHNSON, Presiding Judge.

Atlanta Georgetown Condominium Association, Inc. (the "Association") sued Leon Chaplin for his refusal to pay his condominium association fees. The trial court denied the Association's motion for summary judgment, and we granted the Association's application for interlocutory review. For reasons which follow, we reverse.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "[T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there

is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

Viewed in that light, the record shows the following: The Association consists of approximately 350 units, of which 300 are occupied by renters and the other 50 are occupied by owners. Ardsley Southeast manages the Association. Many unit owners who rent their units maintain independent agreements with Ardsley Southeast whereby Ardsley Southeast manages the rental units on their behalf. The Association does not pay for any services Ardsley Southeast provides to these rental units.

The Association's board of directors determined that the condominium development as a whole benefits when there is a high occupancy rate in the condominium units. According to the treasurer of the board of directors, a high occupancy rate translates into a safer community and better sales and rental opportunities in the future. Consequently, the board of directors adopted the policy of paying Ardsley Southeast a bonus for achieving certain occupancy rates. Chaplin refused to pay his condominium association fees because of the Association's policy of using a portion of the fees to pay Ardsley Southeast this bonus.

1. OCGA § 44-3-80 (d) provides: "No unit owner other than the association shall be exempted from any liability for any assessment under this Code section or under any condominium instrument for any reason whatsoever. . . ." Interpreting this plain and unambiguous language, we have previously held that "[t]here is no legal justification for a condominium owner to fail to pay valid condominium assessments." *Forest Villas Condo. Assn. v. Camerio*, 205 Ga. App. 617, 618-619 (1) (422 SE2d 884) (1992).

Chaplin contends the condominium assessments are invalid and in violation of the Georgia Condominium Act (OCGA § 44-3-70 et seq.) because he and the other owners who occupy their units receive no benefit from Ardsley Southeast's services in attempting to maintain certain occupancy rates. However, the record shows that the Association's board of directors determined otherwise. A condominium board of directors' decision is subject only to a review of whether it was procedurally fair and reasonable and whether the substance of the decision was made in good faith. See *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761, 763 (1) (481 SE2d 879) (1997). Chaplin has not submitted any evidence that the Association's board of directors' decision was procedurally unfair or unreasonable or was not made in good faith.

Chaplin also argues that the general assessments are invalid because the Association failed to issue a special assessment, as pro-

vided for in OCGA § 44-3-80 (b) (1), against the absentee owners who directly benefit from Ardsley Southeast's actions as a rental agent. As support he cites OCGA § 44-3-80 (b), which provides that "[t]o the extent that the condominium instruments expressly so provide: (1) Any other common expenses benefiting less than all of the units shall be specially assessed equitably among all of the condominium units so benefited." While OCGA § 44-3-80 (b) (1) provides a mechanism to impose a special assessment *to the extent that the condominium instruments expressly so provide*, none of the condominium instruments in the present case, including the declaration, bylaws, and articles of incorporation, provides for a special assessment against some but not all of the unit owners.

Based on the foregoing, the trial court erred by denying the Association's motion for summary judgment.

2. Chaplin argues that the Association is not entitled to court costs and attorney fees because it did not specifically enumerate as error the trial court's denial of these fees. We disagree. The Association enumerated as error the trial court's denial of its motion for summary judgment. Included in that motion was its request for attorney fees and court costs. Furthermore, the Association is entitled to these expenses pursuant to the condominium documents and the Georgia Condominium Act (OCGA § 44-3-109 (b) (3)). See *Wehunt v. Wren's Cross &c. Assn.*, 175 Ga. App. 70, 72 (2) (332 SE2d 368) (1985).

3. Based on our holding in Division 1, we need not reach the Association's enumeration of error regarding whether the doctrine of res judicata bars Chaplin's defense.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 24, 1998.

*Weissman, Nowack, Curry & Wilco, Derek W. Johanson*, for appellant.

*Weinstock & Scavo, Michael Weinstock, Adam M. Gleklen, Andrew J. Coomes*, for appellee.