A03A0211. SLATON v. VILLAGE OAKS CONDOMINIUMS, INC. et al.
(576 SE2d 587)

JOHNSON, Presiding Judge.

William Slaton, a condominium unit owner at Village Oaks Condominiums, refused to pay a regular monthly assessment in August 2000, alleging The Villages Homeowners Association failed to make timely repairs to his condominium unit. One day after Village Oaks

---

Condominiums, Inc. and The Villages Homeowners Association, Inc. (the "Associations") filed a condominium lien for the unpaid monthly assessment, Slaton filed a complaint asking the court to order the Associations to amend their corporate documents to provide a simple remedy for unit owners when repairs are not completed in a timely and professional manner. The Associations moved for summary judgment, which the trial court granted on two separate occasions.

Slaton appealed to the Supreme Court of Georgia, alleging the Supreme Court had jurisdiction because the appeal involved "equity" and questioned the constitutionality of the Condominium Act. The Supreme Court transferred the case to us, finding that Slaton never raised, or required the trial court to rule on, any issue concerning the constitutionality of the Condominium Act. The Supreme Court further stated, "to the extent appellant claims the case involves equity, presumably because he seeks relief in the nature of an injunction, the trial court did not fashion any equitable remedy for this Court to consider but, rather, dismissed the case on the simple legal principle of failure to state a claim."

After the Supreme Court transferred the case to us, Slaton filed another brief in support of his appeal. However, a review of both the brief Slaton filed in the Supreme Court and the brief he filed in this Court reveals that Slaton has failed to comply with a number of Court requirements. Specifically, Court of Appeals Rule 22 (a), as well as Supreme Court Rule 19, requires that an appellant include an enumeration of errors with his appeal. This is necessary because appellate courts are courts for the correction of errors of law made by the trial courts, and in order for an appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling.[1] Both this Court and the Supreme Court of Georgia have made it clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error.[2]

This Court does not look with favor upon one who fails to follow the rules of this Court. In fact, the failure to comply with this Court's rules may subject the offending party to contempt and may subject the appeal to dismissal or cause the appellant's brief to be stricken.[3] Nevertheless, in keeping with the statutory mandate that we liberally construe the Appellate Practice Act,[4] we elect to address the enu-

---

[1] See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).
[2] See *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969); *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998).
[3] Court of Appeals Rule 7.
[4] OCGA §§ 5-6-30; 5-6-48 (f).

meration of error as framed by the Supreme Court in its order. Thus, our review encompasses the issue of whether the trial court properly dismissed Slaton's case because he failed to state a claim.

1. The record is clear: Slaton refused to pay his regular monthly assessment because he felt that the Associations failed to make timely repairs to his condominium unit. Slaton does not dispute that he failed to pay the assessment. He merely argues that we should order the Associations to amend their corporate documents and to provide a remedy for unit owners when repairs are not completed in a timely and professional manner. The courts of this state are undoubtedly without jurisdiction to grant the relief sought by Slaton because all issues and procedures relating to amendment of the condominium documents, and repair and maintenance of the condominium property, are controlled by the Associations' condominium documents and the Georgia Condominium Act.[5] The trial court did not err in granting the Associations' motion for summary judgment and dismissing Slaton's complaint because it failed to state a claim, either legal or equitable, upon which relief could be granted.

2. The Associations' motion to strike Slaton's appellate brief and motion for frivolous appeal sanctions are denied.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 10, 2003.

William D. Slaton, *pro se.*
*Culbreth & Sharony, Abraham A. Sharony*, for appellees.

---

[5] See OCGA § 44-3-76; *Atlanta Georgetown Condo. Assn. v. Chaplin*, 235 Ga. App. 460 (509 SE2d 729) (1998); *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761 (481 SE2d 879) (1997); *Forest Villas Condo. Assn. v. Camerio*, 205 Ga. App. 617 (422 SE2d 884) (1992).