[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

_____

No. 10-11607
_____

D. C. Docket No. 8:04-cv-00040-EAK-MAP

LYNN D. STEWART,

Plaintiff - Appellant-
Counter Defendant,

versus

HOOTERS OF AMERICA, INC.

Defendant - Appellee-
Counter Claimant.

_____

No. 10-11609
_____

D. C. Docket No. 8:04-cv-00040-EAK-MAP

LYNN D. STEWART,

Plaintiff-Appellee-
Counter Defendant,

versus

HOOTERS OF AMERICA, INC.

Defendant - Appellant-
Counter Claimant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 28, 2011)

Before MARTIN and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

This case involves a dispute over a contract for payment for certain services provided by one of the original founders of Hooters Restaurants, Lynn D. Stewart ("Stewart"), to Hooters of America, Inc. ("HOA"). Entered into in 1995, the Administrative Services Agreement ("ASA") stated that HOA agreed to pay Stewart annually from 1995 to 2000 an amount equal to certain percentages of HOA's annual "Gross Sales."

Stewart sued HOA in 2004 for breach of contract and for an accounting of the exact amount Stewart claimed HOA owed him. Stewart claimed that HOA did not include in its "Gross Sales" calculation money from marketing income; HOA

_____

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

management, franchise, and royalty fees; magazine sales; and income from National Golf, Super Sports, and Hooters Racing subsidiaries. HOA asserted Stewart lacked standing, denied it owed Stewart anything under his breach of contract claim, asserted an affirmative defense of complete payment under the contract, and also asserted a counterclaim, arguing that HOA, in calculating the amount due Stewart, had mistakenly included sales from unaffiliated owners of Hooters Restaurants—Hooters, Inc., Lageshulte Enterprises ("Lageshulte"), and Eastern Foods—within the definition of "Gross Sales" and thereby overpaid Stewart, wherefore Stewart was owed nothing on the contract. After a bench trial, the district court found in favor of Stewart on his breach of contract claim. See Stewart v. Hooters of Am., Inc., No. 8:04-cv-40-T-17MAP, 2007 WL 3528685, at *9 (M.D. Fla. Nov. 15 2007). The district court also found in favor of HOA on its recoupment counterclaim, holding that HOA had voluntarily overpaid Stewart under a mistake of law. See id. The "damages" off-set and neither party recovered. At Stewart's request the district court awarded him court costs. Both parties now appeal.

We review the district court's findings of fact for clear error and review findings of law de novo. See Renteria-Marin v. Ag-Mart Produce, Inc., 537 F.3d 1321, 1324 (11th Cir. 2008). "We review awards of . . . costs for abuse of

3

discretion, revisiting questions of law de novo and reviewing findings of fact for clear error." Kahane v. UNUM Life Ins. Co., 563 F.3d 1210, 1213 (11th Cir. 2009).

## CAPACITY TO BRING ACTION

Stewart has capacity to bring this action because the district court correctly found an oral assignment reassigning Stewart's rights back to him.[1]  HOA alleges this assignment must have been in writing.[2]  Under Florida law, an assignment need not be in writing.  Mangum v. Susser, 764 So.2d 653, 655 (Fla. Dist. Ct. App. 2000) (finding no law requiring an assignment to be in writing to be lawful); see Boulevard Nat'l Bank of Miami v. Air Metal Indus., Inc., 176 So. 2d 94, 97–98 (Fla. 1965) (written assignment of a contract is not required).  Here, evidence on the record shows that the contract was orally assigned back to Stewart.  Thus, we hold the district court did not err in finding a valid oral assignment under Florida

---

[1] Neither party contests that Florida law applies to this issue.

[2] HOA also argues that because the assignment materially alters the contract, the ASA clause requiring amendments to be in writing should also apply to all assignments.  "An assignment [is] defined as a transfer or setting over of property," Cont. Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 376 (Fla. 2008) (citing Black's Law Dictionary 128 (8th ed. 2004)) (internal quotation marks omitted), whereas an amendment is a "a change made by addition, deletion, or correction" or "an alteration in wording," Black's Law Dictionary (9th ed. 2009).  The contract between the parties in the instant case provides for assignments and amendments in two separate provisions of the contract.  Because the parties distinguished between assignments and amendments, and because an assignment does not modify, delete, or add to the provisions of the contract but rather redirects the rights descending from the document, the assignment in the instant case is not an amendment.

law.[3]

## CONTRACT DISPUTE

Before the district court, Stewart complained that HOA breached the ASA because HOA had "failed to pay Mr. Stewart all the sums HOA owe[d] to him under the Agreement," that "failure to pay Mr. Stewart the sums owed under the Agreement constitutes a breach of the Agreement by HOA," and "[a]s a result of HOA breaching the Agreement, Mr. Stewart has suffered damages." HOA's RE Tab 1, at 3 ¶¶ 12–14. The district court reasoned that the trial record indicated by a preponderance of the evidence that the deduction of credit card fees was improper and certain entities qualified as subsidiaries but were improperly excluded from payment calculations. Stewart, 2007 WL 3528685, at *9. The district court then sent the issue of "[w]hether HOA failed to pay Mr. Stewart all the monies due in accordance with the herein construed terms of the ASA," id. at *12, to a special master. Based on the special master's calculations, the district court stated in its final judgment that "HOA does not owe any additional monies to Mr. Stewart." Final J. 12 (Feb. 22, 2010) (Stewart v. Hooters of Am., Inc., 8:04-

---

[3] HOA also claims that the assignment must be in writing in order to comply with the Statute of Frauds. See Fla. Stat. § 725.01. Florida law requires written assignments only when specified by either contract or by statute. See supra pp. 3–4. The original contract was in writing in compliance with the Statute of Frauds.

cv-00040-EAK-MAP, Docket No. 244).

In order for Stewart to prevail on his complaint, Stewart must show that HOA "failed to pay Mr. Stewart all the sums HOA owe[d] to him under the Agreement." HOA's RE Tab 1, at 3 ¶ 12. HOA had a contractual duty to pay Mr. Stewart 0.7335% of the first $300 million in Gross Sales and 1% of Gross Sales in excess of $300 million. Stewart requested an accounting under the contract, and he received it through the proceedings before the special master. See Forest Villas Condo. Ass'n, Inc. v. Camerio, 422 S.E.2d 884, 887 (Ga. Ct. App. 1992) ("A legal accounting may be an appropriate step in determining the amount of damages in a breach of contract action in a court of law.") (citing Gifford v. Jackson, 154 S.E.2d 224 (Ga. 1967)). The accuracy of the resulting calculation is not challenged. The special master's finding that HOA did not owe any additional money to Stewart demonstrated—in direct contradiction to Stewart's complaint—that Stewart had received that which HOA owed him under the Agreement. To award damages when an accounting under the contract showed nothing was owed would be unjust.

Stewart's complaint was that he had not received what was owed to him under the contract. The accounting showed that he did, thus the district court did not err in finding that Stewart had received what was owed to him under the

6

contract.[3]

## COURT COSTS

The district court awarded Stewart costs in the amount of $13,121.60. See

Fed. R. Civ. Proc. 54(d)(1). Because Stewart is not the prevailing party, Stewart is

not entitled to costs. See id.; Nance v. Maxwell Fed. Credit Union, 186 F.3d 1338,

1343 (11th Cir. 1999) ("Because we have vacated the plaintiff's damages award,

there is nothing in the judgment that can be enforced.").

---

[3] Because we do not reach the claim of recoupment, we need not consider the parties' arguments regarding voluntary payment and mistake of law, Stewart's burden of proof claim, or Stewart's motions for reconsideration, to alter/amend judgment, and for a new trial based on the same legal arguments, except to the following extent. In the context of its claim that the district court correctly applied the exception to the voluntary payment doctrine to its recoupment, HOA argues that, "[t]he result advanced by Stewart's appeal is simply unjust [and to] allow Stewart to sue HOA for mistakenly excluding certain entities from the analysis, without allowing Stewart credit for mistakenly including other entities results in a windfall to Stewart." Appellee's Br. 21. HOA further states that this argument is especially compelling "where both mistakes occurred concerning the same definition, in the same paragraph, in the same agreement [and because] Stewart invoked equitable considerations and equity seeks complete justice." Id. (emphasis removed). To the extent that HOA argues that Stewart should not receive a windfall profit, HOA claims in essence that no breach of contract exists. We agree. Unlike the defendants in Wallis v. B & A Const. Co., 614 S.E.2d 193, 195–96 (Ga. Ct. App. 2005), who had two unique payment obligations, the first for stock purchases and redemptions and the second for real property, id., HOA had a single obligation to make payments to Stewart based on Gross Sales. A single contractual obligation cannot be artificially bifurcated by the court so as to grant the plaintiff a windfall profit. To conceive of the contract as two payments, one of which was a voluntary payment that is nonetheless recoverable under the recoupment doctrine, would be to misapply the statutory text. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought." Ga. Code Ann. § 13-7-2. Here, neither party can be said to have "not complied with the cross-obligations or independent covenants," because none exists where the contract conceives of a single obligation. Here, HOA paid Stewart in full on the single obligation in dispute.

The portion of the district court's judgment awarding Stewart costs is vacated and reversed. The district court's judgment is otherwise affirmed.

**AFFIRMED** in part and **REVERSED** in part.