A11A1890. ELLINGTON v. GALLERY CONDOMINIUM ASSOCIATION, INC.

(721 SE2d 631)

McFADDEN, Judge.

Courtney Ellington appeals the grant of summary judgment to Gallery Condominium Association, Inc. in its suit to recover unpaid condominium assessments. She argues that genuine issues of material fact exist and that the evidence does not support the association's award of attorney fees. We find that Ellington did not meet her burden of coming forward with evidence to create a genuine issue of material fact and that the evidence supports the attorney fees award. We thus affirm.

The association filed this suit seeking to recover unpaid association assessments, late fees, utilities, interest and attorney fees. Ellington answered the complaint, admitting that she had agreed to

pay a portion of the assessments but contending that the association failed to respond to her requests for an accounting of the additional amounts the association charged, beyond what she had agreed to pay.

The association filed a motion for summary judgment, and Ellington responded. The trial court granted the motion. It found that by failing to respond timely to the association's request for admissions, Ellington admitted that she had not made a condominium assessment payment since September 1, 2009. Further, the court noted that in her response to the summary judgment motion, Ellington challenged the amounts the condominium association charged, but she did not deny that she had not paid what she owes. The court observed that the association had presented evidence about the amount owed at the hearing on the motion for summary judgment, and the court entered judgment for that amount. The court also awarded the association costs and attorney fees under OCGA § 44-3-109 (b) (3).

1. Summary judgment is appropriate when the court,

> viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations and punctuation omitted.) *Atlanta Georgetown Condo. Assn. v. Chaplin*, 235 Ga. App. 460, 460-461 (509 SE2d 729) (1998).

(a) Ellington argues that the association did not prove that it could charge utilities as part of the assessments. The association attached the declaration of condominium to its motion for summary judgment. "[T]he relationship between a condominium association and its unit owners is a contractual one, and the condominium instruments are analogous to an express contract between the unit owner/members and the condominium association." (Citation and punctuation omitted.) *Frantz v. Piccadilly Place Condo. Assn.*, 278 Ga. 103, 105 (2) (597 SE2d 354) (2004). The documents "should be strictly construed as they are written, giving the language its clear, simple, and unambiguous meaning." (Citation omitted.) *Bradford Square Condo. Assn. v. Miller*, 258 Ga. App. 240, 245 (1) (a) (573 SE2d 405) (2002).

The Gallery Condominium declaration provides that common expenses shall be assessed against all the units. It defines common expenses as "the expenses incurred . . . by the [a]ssociation for the general benefit of the condominium." The declaration also grants the association the right, upon certain conditions of an owner's nonpayment, "to suspend water, electricity, gas, heat, air conditioning, or other utility services . . . paid for as a [c]ommon [e]xpense by the [a]ssociation." These provisions clearly contemplate the association paying for utilities as a common expense. Additionally, OCGA § 44-3-80 (b) (3) provides "[a]ny other common expenses significantly disproportionately benefiting all of the units shall be assessed equitably among all of the condominium units." Under this statute as well as the declaration of condominium, the association was within its authority to charge unit owners for utilities the association had paid as a common expense.

(b) Ellington argues that the association never proved the method it used for calculating and recording the utilities. She argues that the association's own documents — an account ledger dated July 2010, the complaint, and the motion for summary judgment — all show different amounts due, thereby creating an issue of material fact. "[W]e conclude that the trial court's grant of the [a]ssociation's motion for summary judgment seeking damages which accrued after the date its complaint was filed implicitly approved an amendment thereof to such effect under OCGA § 9-11-15 (b)." *Pew v. One Buckhead Loop Condo. Assn.*, 305 Ga. App. 456, 458 (1) (a) (700 SE2d 831) (2010). And because the trial court considered the association's evidence at the hearing on the summary judgment motion yet Ellington did not include the hearing transcript in the appellate record, we must assume the judgment below is correct. *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).

(c) Ellington argues that the affidavits of Ben Burton and Jason Welchel, on which the association relied in support of its motion for summary judgment, are based on hearsay. In his affidavit, Ben Burton, the property manager, testified that he participates in and is familiar with the association's billing of owners for assessments and other costs and charges under the declaration; that he is familiar with the association's records and record-keeping process; and that he had personal knowledge of the information in his affidavit. He attached to his affidavit the account ledger for Ellington. This was sufficient to satisfy the business records exception to the hearsay rule. See *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485-486 (2) (402 SE2d 298) (1991). The trial court did not err in considering this affidavit.

In his affidavit, Jason Welchel, the director of property management for the association, testified that he is familiar with the dispute

between the association and Ellington. He testified that at the request of a member of the board of directors, he contacted Ellington to discuss her concerns but she did not return his calls. Welchel also testified that an unspecified "representative of the association" left a letter inviting Ellington to attend a board meeting and that the letter was transmitted by e-mail to Ellington. Further, he testified that an unspecified "representative of the association" left a voice mail on Ellington's cellular phone. He attached to his affidavit the association's notes concerning communications with Ellington.

To the extent Welchel's affidavit contained hearsay, Ellington has failed to demonstrate that

> the trial court considered any inadmissible evidence in reaching its decision. [She has] failed to rebut the presumption that the trial court recognized the inadmissible evidence and disregarded it. Moreover, even if the trial court had considered some inadmissible evidence we would not find it to be reversible error in the case sub judice because the uncontroverted admissible evidence demanded the judgment.

*Spell v. Bible Baptist Church*, 166 Ga. App. 22, 24 (2) (303 SE2d 156) (1983).

2. Ellington argues that the trial court erred in awarding the association attorney fees under OCGA § 44-3-109 (b) (3) because the association did not request fees under that statute in its complaint. She further argues that the amount awarded was not reasonable.

Under OCGA § 44-3-109 (b) (3), "[t]o the extent that the condominium instruments provide, the personal obligation of the unit owner . . . shall also include [t]he costs of collection, including court costs, . . . and reasonable attorney's fees actually incurred." The undisputed evidence in this case shows that the declaration grants the association the right to institute a collection suit against a delinquent owner and to seek all amounts due, including attorney fees. Consequently, "an award of attorney fees was mandated under the statute. Where a statute's language as to an award of attorney fees is mandatory, the trial court is required to award attorney fees." *Springs Condo. Assn. v. Harris*, 297 Ga. App. 507, 508 (677 SE2d 715) (2009).

As for Ellington's argument that the amount of fees awarded was unreasonable, the court observed in its order that evidence was presented at the hearing, and the association attached to its motion for summary judgment the affidavit of its attorney outlining the fees incurred. The trial court had evidence before it to assess the proper amount of fees to be awarded, and "[w]ithout the transcript, there is

simply nothing to review." *Solon Automated Svcs. v. Crescent Court Apartments*, 132 Ga. App. 593, 594 (3) (208 SE2d 607) (1974).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 21, 2011.

*LeRyan P. Lambert*, for appellant.
*Moore & Reese, Julie A. Liberman*, for appellee.