**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 2, 2016**

# In the Court of Appeals of Georgia

A16A0138. ADEWUMI v. AMELIA GROVE/ASHLAND PARK
    HOMEOWNERS ASSOCIATION, INC.

BARNES, Presiding Judge.

Omotola Adewumi appeals pro se from the order of the trial court granting summary judgment to Amelia Grove/Ashland Park Homeowners Association ("the Association") in its complaint for "judicial foreclosure of lien and damages" for unpaid property assessments. Adewumi contends that summary judgment was not warranted because genuine issues of material fact exist as to whether she received proper notice pursuant to OCGA § 44-3-109 (c) and OCGA § 44-3-232 (c), and that the trial court improperly considered Adewumi's failure to respond to the Association's request for admissions in its grant of summary judgment. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9–11–56 (c). A de novo standard of review applies to an

appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record demonstrates that on August 4, 2014, the Association filed its complaint for judicial foreclosure of lien and damages in which it alleged that Adewumi owed $686.00 in unpaid assessments and accrued late fees for property located in the Amelia Grove/Ashland Park Development, and $1,350.00 in attorney fees and costs incurred in seeking to recover the unpaid assessments. The Association also sought to foreclose on its statutory lien pursuant to OCGA § 44-3-232 (a). Adewumi answered and asserted multiple affirmative defenses, including failure to comply with unspecified statutory requirements.

On December 8, 2014, the Association filed its first request for admissions, interrogatories, and request for production of documents. Adewumi did not respond to the discovery requests, and on April 6, 2015, the Association filed a motion for summary judgment, which, following a hearing, the trial court granted, entering judgment in favor of the Association for $3,112.80, and ordering that the Association could foreclose its statutory lien pursuant to OCGA § 44-3-232. Adewumi appeals

2

from that order. The Association did not file an appellate brief, and the failure to do so serves as an admission of Adewumi's statement of facts, as long as those facts are supported by the record. See *Green v. Waddleton*, 288 Ga. App. 369, n. 1 (654 SE2d 204) (2007).

1. Our first consideration is whether we have jurisdiction over this appeal. *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983). "Although the grant of a motion for summary judgment is in general directly appealable, where the amount of the judgment is $10,000 or less, an application for discretionary appeal is required." (Citation and punctuation omitted.) *Ca-Shar, Inc. v. McKesson Corp.*, 204 Ga. App. 865 (420 SE2d 810) (1992); OCGA § 5-6-35 (a) (6). However, in determining whether an appeal falls within the ambit of the discretionary appeals procedure, the final judgment is considered in its entirety and not merely in its various parts. See *Alexander v. Steining*, 197 Ga. App. 328 (1) (398 SE2d 390) (1990). In this case, the trial court permitted the Association to foreclose on a statutory lien, which we have held renders this case directly appealable. See *Kelly v. Pierce Roofing Co.,* 220 Ga. App. 391, 391-392 (469 SE2d 469) (1996) (even though damages awarded were less than $10,000, final judgment in an action that arose as a complaint on a lien against real property is directly appealable.)

3

2. Where a defendant moving for summary judgment demonstrates the absence of a genuine issue of material fact and that the undisputed evidence warrants judgment as a matter of law, "the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Lau's Corp., Inc. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991); OCGA § 9-11-56(e).

> It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. . . . [T]he language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion.

(Citation and punctuation omitted.) *Robinson v. Global Resources, Inc.*, 300 Ga. App. 139, 140 (684 SE2d 104) (2009).

Here, Adewumi's responses to the Associations requests for admission were due on or before January 8, 2015. Adewumi did not respond, thus admitting the

4

requests as a matter of law. See OCGA § 9-11-36 (a) (2) (the matter addressed in a request "is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.") OCGA § 9-11-36 (b) permits a party to request withdrawal of an admission "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

Adewumi did not request that the admissions be withdrawn, nor respond to the Association's motion for summary judgment. Because Adewumi "did not avail [herself] of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, . . . the subject matter of [the Association's] requests for admission stood admitted." *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997). And "[w]here a party fail[s] to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party [is] entitled to a grant of its motion for

5

summary judgment." (Citations and punctuation omitted.) *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421, 422 (422 SE2d 76) (1992).

Thus, Adewumi admitted that she owed the assessments to the Association and was indebted to it in the amount alleged in the complaint, removing any genuine issue of material fact from the case as to her indebtedness.

3. Adewumi contends that genuine issues of material fact exist as to whether the Association was entitled to foreclose on its statutory lien because notice was only sent to the address of the property at issue and not to another address designated in the record. We do not agree.

OCGA § 44-3-232 (c) provides that

> [n]ot less than 30 days after notice is sent by certified mail or statutory overnight delivery, return receipt requested, to the lot owner both at the address of the lot and at any other address or addresses which the lot owner may have designated to the association in writing, the lien may be foreclosed by the association by an action, judgment, and court order for foreclosure in the same manner as other liens for the improvement of real property, subject to superior liens or encumbrances, but any such court order for judicial foreclosure shall not affect the rights of holders of superior liens or encumbrances to exercise any rights or powers afforded to them under their security instruments. The notice provided for in this subsection shall specify the amount of the assessments then due and payable together with authorized late charges and the rate of

6

interest accruing thereon. No foreclosure action against a lien arising out of this subsection shall be permitted unless the amount of the lien is at least $2,000.00.

Adewumi does not contend that she was not provided with notice, but that the statute required that the notice be sent to her designated address provided to the Association. At the hearing, the Association argued that notice was sent to the address of record, and there was no evidence that Adewumi had provided the Association with another designated address in writing. However, the record included multiple notices from the Association that were sent to Adewumi at a California address, and the record does not reflect that notice was mailed to that address.

> It is fundamental where notice to property owners is required by statute prior to action affecting their vested property rights, due process under both the 1983 Constitution of Georgia and the United States Constitution mandates adequate notice that is reasonably likely to actually provide notice. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. Constitutional due process

7

of law includes notice and hearing as a matter of right where one's property interests are involved.

(Citations and punctuation omitted.) *Mitsubishi Motors Credit of America v. Robinson & Stephens, Inc*., 263 Ga. App. 168, 170 (1) (587 SE2d 146) (2003).

Although it appears that the notice of the statutory lien was only sent to the property's address, it is undisputed that Adewumi timely responded to the action, and appeared at the hearing on the motion for summary judgment. Thus, notwithstanding her contention that the Association failed to comply with the notice requirements pursuant to OCGA § 44-3-232 (c), the fundamental due process requirements of "notice" and "hearing" were satisfied. See generally *Boatright v. Glynn County School Dist.*, 315 Ga. App. 468, 470 (1) (726 SE2d 591) (2012) (due process requires that the state must give notice and an opportunity to be heard to a person deprived of a property interest).

Based on the foregoing, the trial court did not err in granting summary judgment to the Association.

*Appeal affirmed Boggs and Rickman, JJ., concur*.

8