**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 26, 2021**

# In the Court of Appeals of Georgia

A21A1090. DEERLAKE HOMEOWNERS ASSOCIATION, INC.
v. BROWN.

REESE, Judge.

Deerlake Homeowners Association, Inc. (the "Association") appeals from an order of the Superior Court of Forsyth County, which granted the Association's motion for default judgment against Craig Brown, denied its request for injunctive relief, partially granted its request for a money judgment, and found that the Association was entitled to enforce its statutory lien. For the reasons set forth infra, we affirm the default judgment and denial of injunctive relief, vacate the award of attorney fees and costs, and remand the case for further proceedings.

The Association filed a verified complaint against Brown, alleging that certain real property located at 595 Fawn Road in Alpharetta (the "Property") was a "Lot"

as defined by the Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Deerlake Community ("Declaration"), as amended and recorded in the Public Records of Forsyth County, and was thus subject to the Declaration. Further, as the record title owner of the Property, Brown was an "Owner" and thus subject to certain terms of the Declaration.

According to the complaint, Brown had failed to maintain the Property under the terms of written architectural control committee design and maintenance standards ("ACC Standards") incorporated by the Declaration. The Association sought injunctive relief, damages (fines, unpaid assessments, and attorney fees and costs), and foreclosure of the Association's statutory lien.

The trial court granted the Association's motion for service by publication on Brown. The Association subsequently filed a motion for default judgment, asserting that it had served Brown through publication and that Brown had failed to file a timely responsive pleading.

Following a hearing at which Brown did not appear, the trial court granted the Association's motion for default judgment.[1] The court denied the Association's

---

[1] Brown filed a responsive brief in this Court, alleging, inter alia, that he was not properly notified of the hearing. The correctness of the rulings against Brown are not before this Court and will not be considered as no cross-appeal has been

request for injunctive relief as to the alleged maintenance violations, however, finding that the Association had an adequate remedy at law. The court found that the Association had failed to show that the $80,225 in fines for maintenance violations was "reasonable," as required by the Bylaws. "For example, the [trial c]ourt [found] it unreasonable that [the Association] ha[d] chosen to fine [Brown] $25 per day for almost five years for failure to clean and repaint a mailbox rather than simply having the work done and assessing him for the cost."

The trial court found further that the Association had established its right to an award of $6,875 in past due assessments, $550 in late fees, and $1,300 in interest, less the $2,818.75 in payments that Brown had made. The court further awarded the Association $1,000 in attorney fees and costs. The court thus awarded a money judgment against Brown in the amount of $6,906.25 and found that the Association was entitled to enforce its statutory lien against the property in this amount. This appeal followed.

---

docketed. See *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783, 784 (1) (302 SE2d 594) (1983).

As an initial matter, we must address our duty to inquire into our jurisdiction to entertain each appeal.[2] OCGA § 5-6-35 (a) (6) governs "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less[,]" and requires an application to appeal.[3] Thus, the money judgment of $6,906.25 in this case, on its own, would not be directly appealable. However, the Association also seeks review of the denial of its request for injunctive relief, which is subject to direct appellate review under OCGA § 5-6-34 (a) (4).[4]

"The declaration of a homeowner's association is considered a contract, and we therefore apply the normal rules of contract construction to determine the meaning of the terms therein. Our application of the rules of construction to the relevant

---

[2] See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006).

[3] *Harpagon Co. v. Davis*, 283 Ga. 410, 411-412 (658 SE2d 633) (2008) ("A 'judgment' for the purposes of OCGA § 5-6-35 (a) (6) is the final monetary result of the claim for damages.").

[4] See *Prison Health Svcs. v. Ga. Dept. of Admin. Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995) ("While a judgment or an order denying an application for injunctive relief . . . is a judgment or order subject to direct appellate review . . . , it is subject to the discretionary application procedure if the underlying subject matter of the appeal is one contained in O.C.G.A. § 5-6-35.").

4

documents is de novo."[5] With these guiding principles in mind, we turn now to the Association's claims of error.

1. The Association argues that the trial court erred in denying its request for injunctive relief and that it was entitled to an order that Brown remedy the maintenance violations. According to the Association, the trial court essentially held that the Association had to perform abatement and thereafter assess Brown for costs, ignoring the Association's governing documents.

"An injunction is a harsh remedy, and the movant must clearly establish the right to such relief."[6]

> While in a civil action, not in equity, where the case is in default, the plaintiff is entitled to a default judgment as a matter of law without the introduction of any evidence except as to unliquidated damages, yet in equity cases which involve harsher remedies a determination must be first made that, admitting every allegation in the petition as true, the plaintiff is entitled to the relief sought. This presents a question of law for the court, similar to prior adjudications on general demurrer, but without the presumptions against the pleader as was required by

---

[5] *Chisolm v. Danforth, LLC*, 352 Ga. App. 682, 686-687 (835 SE2d 666) (2019) (punctuation and footnotes omitted).

[6] *Westpark Walk Owners v. Stewart Holdings*, 288 Ga. App. 633, 637 (2) (655 SE2d 254) (2007) (punctuation and footnote omitted).

demurrer practice. Once such a determination has been made that, accepting the allegations of the plaintiff's claim as true, he is entitled to a decree, then such decree must be entered.[7]

However, "[t]he granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. This power shall be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to."[8] "Equitable relief is improper if the complainant has a remedy at law which is 'adequate,' i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity."[9]

Here, the trial court did not err in finding that the Association was not entitled to injunctive relief. Accepting the allegations of the complaint as true, the Declaration allowed the Association to abate or remove a violation and to assess "all costs, including reasonable attorney's fees actually incurred[ ]" in exercising such self-help

---

[7] *Times-Journal v. Jonquil Broadcasting Co.*, 226 Ga. 673, 676 (2) (177 SE2d 64) (1970).

[8] OCGA § 9-5-8.

[9] *Besser v. Rule*, 270 Ga. 473, 475 (510 SE2d 530) (1999) (citation and punctuation omitted); see also OCGA § 9-5-1 ("Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.").

6

against the violating lot owner. The fact that this contractual language was permissive is irrelevant to the determination of whether it constituted an adequate remedy at law. In light of this option, the Association did not show that it would suffer irreparable harm if the trial court did not order Brown to remedy the maintenance violations.[10]

2. The Association contends that the trial court erred by failing to include the required language under the Georgia Property Owners' Association Act[11] for the Association to be able to perform the judicial foreclosure of its statutory lien.

In its verified complaint, the Association included a count for judicial foreclosure of its lien pursuant to OCGA § 44-3-232 (c). The trial court granted the Association's motion for default judgment. The court ordered that the Association was "awarded a money judgment against [Brown] in the amount of [$6,906.25] and that [the Association] was entitled to enforce its statutory lien against the property in this amount pursuant to OCGA § 44-3-232."

---

[10] See *Quadron Software Intl. Corp. v. Plotseneder*, 256 Ga. App. 284, 291 (3) (568 SE2d 178) (2002) (reversing denial of summary judgment on claim for specific performance where the plaintiff failed to show that money damages would be inadequate or that he would be irreparably injured if the agreement was not enforced).

[11] See OCGA § 44-3-220 et seq.

OCGA § 44-3-232 (c) provides, in relevant part, that a property owners' association lien of at least $2,000 "may be foreclosed by the association by an action, judgment, and court order for foreclosure in the same manner as other liens for the improvement of real property[.]" We agree with the Association that remand is appropriate for the trial court to clarify that its order was an "order for foreclosure[.]"[12]

3. The Association argues that the trial court erred in awarding only $1,000 in attorney fees and costs and failing to award the attorney fees and costs that the Association had actually incurred. Because the Association presented evidence that the court costs and litigation expenses alone (not including attorney fees) were in excess of $1,000, the Association argues that the trial court effectively did not award any attorney fees.

We are unable to review this claim of error because we cannot ascertain the authority for the trial court's award. In its complaint, the Association sought costs of litigation under both OCGA § 13-6-11 and the Declaration. At the hearing on the

---

[12] See OCGA § 44-3-232 (c). See generally *Adewumi v. Amelia Grove/Ashland Park Homeowners Assn.*, 337 Ga. App. 275, 279-280 (3) (787 SE2d 761) (2016) (affirming summary judgment in favor of property owners' association on its complaint for judicial foreclosure of lien because fundamental due process requirements of notice and hearing were satisfied).

8

motion for default judgment, the Association presented uncontradicted evidence on the attorney fees and costs it had actually incurred and the reasonableness of the fees. However, the trial court neither identified the basis under which it was making the award nor included findings that would support it.[13] We must therefore vacate the order and remand the case to the trial court for clarification and further findings on the basis of the award.[14]

In summary, we affirm the trial court's denial of injunctive relief, vacate the attorney fees and costs award, and remand for the trial court to clarify that its order was an order of foreclosure under OCGA § 44-3-232 (c) and to make further findings with respect to the Association's request for attorney fees and costs.

*Judgment affirmed in part and vacated in part, and case remanded. Doyle, P. J., and Brown, J., concur.*

---

[13] See *Parland v. Millenium Constr. Svcs.*, 276 Ga. App. 590, 593 (2) (623 SE2d 670) (2005) ("[W]hen awarding attorney fees [under OCGA § 13-6-11], a trial court must make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it.") (punctuation and footnote omitted).

[14] See OCGA § 44-3-232 (a), (b) (3); *Ellington v. Gallery Condo. Assn.*, 313 Ga. App. 424, 427 (2) (721 SE2d 631) (2011) (concluding that the trial court was required to award attorney fees under an analogous provision in OCGA § 44-3-109 of the Georgia Condominium Act).