**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**December 3, 2021**

# In the Court of Appeals of Georgia

A21A1626. BLOUNT et al. v. COLLEGE GLEN CONDOMINIUM
     ASSOCIATION, INC.

MILLER, Presiding Judge.

In this action involving unpaid condominium assessments, Sandra S. Blount
and Kendra Blount appeal from the trial court's grant of partial summary judgment
to College Glen Condominium Association, Inc. The appellants claim that the trial
court erred because (1) College Glen failed to produce evidence that they have an
ownership interest in the condominium at issue; (2) College Glen failed to produce
evidence establishing the amounts due; and (3) College Glen failed to establish their
liability for attorney fees. Because the appellants are bound by their admissions in this
case, the trial court correctly granted summary judgment to College Glen.

> Summary judgment is proper when there is no genuine issue of material
> fact and the movant is entitled to judgment as a matter of law. OCGA §

9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Adewumi v. Amelia Grove/Ashland Park Homeowners Assn., Inc.*, 337 Ga. App. 275, 276 (787 SE2d 761) (2016).

So viewed, the record shows that in February 2019, College Glen filed a complaint for judicial foreclosure of lien, damages, and attorney fees against Erin Blount and Larry E. Blount (deceased), alleging that there were unpaid assessments and late fees in the amount of $14,179.16 for a condominium owned by the defendants. College Glen later filed a motion to add Sandra Blount and Kendra Blount as defendants on the basis that they are heirs-at-law of the decedent. The trial court granted the motion, the appellants were added to the action, and the appellants filed an answer to the complaint. College Glen then sent requests for admissions to the appellants on December 31, 2019, which included the following:

1. Admit you have failed to pay the association dues and assessments to Plaintiff as required.

2. Admit that you are liable to Plaintiff for all amounts set forth in the Second Amended Complaint.

2

3. Admit that you are liable to Plaintiff for all attorney's fees expended in the case by Plaintiff's counsel to date.

4. Admit that Plaintiff is entitled to foreclose its lien on the subject property, i.e., 284 Scandia Circle, Athens, GA 30605.

The requests further asked the appellants to admit that an attached statement showing an outstanding balance of $15,845.40 in assessments and late fees was true and correct; that they were heirs of the decedent and had not renounced their ownership interest in the property; and that no homeowners association payments had been made since June 2014. According to the certificates of service, College Glen sent the requests to the appellants' counsel by mail.

On February 20, 2020, after neither of the appellants responded to the requests for admissions, College Glen filed a motion for summary judgment. The appellants responded to the motion, and the trial court held a hearing on the matter on January 11, 2021. At the hearing, the appellants' counsel represented that he had never received the requests for admissions or a "good faith discovery letter from the plaintiff regarding [a] failure to respond to any discovery[.]" The appellants also argued that, even with the admissions, there were still material facts that had not been established. The trial court indicated that it would hold its ruling in abeyance for 45

days, allowing the parties to determine whether they wished to mediate the matter. In February 2021, the trial court granted partial summary judgment to College Glen, recognizing that the appellants had not filed a formal motion to withdraw the admissions and, as of the date of the order, had still failed to respond to the requests for admissions. This appeal ensued.

1. In two related arguments, the appellants claim that the trial court erred in granting summary judgment to College Glen as to their liability for the assessments because College Glen failed to establish that they have a personal interest in the condominium and failed to produce evidence of the amounts due. These arguments fail under established precedent.

Under OCGA § 9-11-36 (a) (2), a "matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." Where the requests are served by mail, three days are added to the 30-day response period. *Patel v. Columbia Nat. Ins. Co.*, 315 Ga. App. 877, 879 (729 SE2d 35) (2012).

> It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters

4

addressed in the requests. This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion.

(Citation and punctuation omitted.) *Adewumi*, supra, 337 Ga. App. at 277 (2). As the trial court properly recognized, OCGA § 9-11-36 (b) permits a party to request the withdrawal of an admission "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

In failing to timely respond to College Glen's requests for admissions, the appellants admitted the requests as a matter of law. *Adewumi*, supra, 337 Ga. App. at 277 (2). Further, although the appellants asserted that they did not receive the requests, they did not move the trial court to allow the admissions to be withdrawn or amended under OCGA § 9-11-36 (b). See, e.g., *Patel*, supra, 315 Ga. App. at 879

5

(rejecting the appellant's averment regarding the date that she received the requests because she did not move to withdraw the admissions). Because the appellants "did not avail [themselves] of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, the subject matter of [College Glen's] requests for admission stood admitted." (Citation omitted.) *Adewumi*, supra, 337 Ga. App. at 278 (2). And "where a party fails to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party is entitled to a grant of its motion for summary judgment." (Citation and punctuation omitted.) Id. Here, therefore, although the appellants contend that they have no personal ownership of the condominium, they "admitted that [they] owed the assessments to [College Glen] and [were] indebted to it in the amount alleged [], removing any genuine issue of material fact from the case as to [their] indebtedness." Id. Therefore, the grant of summary judgment as to the unpaid assessments was proper.

2. Next, the appellants claim that College Glen failed to establish their liability for attorney fees because it did not produce billing records or other information showing the fees incurred and because there is insufficient evidence that the fees were

6

reasonable. We conclude that the trial court properly granted summary judgment to College Glen on the appellants' liability for attorney fees.[1]

The trial court correctly determined that the appellants are liable for attorney fees "[p]ursuant to the unanswered [requests for admissions]." College Glen requested that the appellants admit to being liable for "all attorney's fees" expended up until the filing of the requests. The appellants' failure to respond conclusively established their liability on the issue. See *Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 770 (691 SE2d 653) (2010) (because the appellant failed to respond to the requests for admissions, appellant was indebted to the appellee for reasonable attorney fees, as set forth in the admitted requests); *Natl. Bank of Ga. v. Merritt*, 130 Ga. App. 85, 88 (2) (202 SE2d 193) (1973) (where request for admissions included

---

[1] While the trial court found the appellants liable for all attorney fees, it did not rule as to any amount or the reasonableness of the fees. Thus, we affirm on liability alone and any arguments on the amount or reasonableness of attorney fees are beyond the scope of our review. See *Guzman v. Link*, 354 Ga. App. 463, 465-466 (1) (841 SE2d 203) (2020) (a court may grant summary judgment on the issue of liability alone, even where fact issues on damages remain); *Earls v. Aneke*, 350 Ga. App. 455, 460 (1) (829 SE2d 661) (2019) ("[W]hen this Court reviews a decision of a trial court on a motion for summary judgment, it sits as a court for the correction of errors of law[,]" and where the trial court does not rule on a specific question, the issue is beyond our review) (punctuation omitted).

an admission that the defendant owed $1,130.25 in attorney fees, and the defendant failed to answer the request, the plaintiff was entitled to summary judgment on attorney fees). Accordingly, the trial court properly granted summary judgment to College Glen as to the appellants' liability for attorney fees.

Because the trial court correctly granted summary judgment to College Glen as to the appellants' liability for unpaid condominium assessments and attorney fees, as set forth in the requests for admissions, we affirm.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*